1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTOBAL CERVANTES, | Case No. 5:23-cv-02658-PA-JC |
| Plaintiff, | |
| | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| v. | |
| NEWCOMER, et al., | |
| Defendants. | |

## I.  BACKGROUND AND SUMMARY

On December 22, 2023, Plaintiff Cristobal Cervantes, who is in federal custody, is proceeding *pro se*, and has been granted leave to proceed without prepayment of filing fees ("IFP"), filed a Civil Rights Complaint ("Complaint") pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), suing five officers at the United States Penitentiary in Victorville, California ("USP Victorville"), where he was formerly housed, for violating his First Amendment right to free speech, his Fourth Amendment right to be free from illegal search and seizure, his Fifth, Sixth, and Fourteenth Amendment rights to due process, a "fair trial," and equal protection, and his Eighth Amendment right to be free from cruel and unusual punishment.

As Plaintiff is a prisoner and is proceeding IFP, the assigned Magistrate Judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

On June 4, 2024, the Magistrate Judge issued an Order Dismissing Complaint with Leave to Amend and Directing Plaintiff to Respond to Order ("Screening Order").[1]  (Docket No. 13).  The Screening Order advised Plaintiff that the Complaint was deficient for reasons described in the Screening Order,[2] dismissed the Complaint with leave to amend, and directed Plaintiff, within twenty days, to file one of the following:  (1) a First Amended Complaint which cures the

_____

[1]Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim.  Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B).  However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.  See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge.  See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798).  The Screening Order expressly notified Plaintiff that (1) the Screening Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the Screening Order if such party did not seek review thereof or object thereto.  (Screening Order at 18 n.10).

[2]Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Complaint, among other things, violated Rule 8 of the Federal Rules of Civil Procedure, and failed to state a viable claim for relief.

pleading defects described in the Screening Order; (1) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the Complaint.  The Screening Order expressly cautioned Plaintiff that the failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on the Complaint may be deemed Plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the Screening Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the Screening Order.

On June 14, 2024, the Clerk received and filed Plaintiff's notice of change of address which appears to have been generated and signed by Plaintiff on May 23, 2024.  Accordingly, even though the Screening Order had not been returned undeliverable, the Court, in an Order issued on June 20, 2024 ("June 20 Order"), directed the Clerk to re-send the Screening Order (and other items) to Plaintiff at his new address and extended his deadline to comply with the Screening Order to July 15, 2024.  The June 20 Order again cautioned Plaintiff that his failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Complaint may be deemed Plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth in the Screening Order, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the Screening Order by the extended deadline set in the June 20 Order.

Even though the extended deadline to comply with the Screening Order expired more than three weeks ago, to date, Plaintiff has not sought review of, or filed any objection to the Screening Order or the June 20 Order.

As discussed below, this action is dismissed due to Plaintiff's unreasonable failure to prosecute and his failure to comply with the Screening Order by the extended deadline to do so.

///

## II.   PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively."  Ferdik, 963 F.2d at 1261 (citation omitted).  In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire

4

action.  See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action.").  A District Judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous.  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

## III.    DISCUSSION AND ORDER

First, the Court has reviewed the Screening Order dismissing the Complaint, and finds that the Screening Order adequately and properly notified Plaintiff of the deficiencies in the Complaint and afforded Plaintiff an opportunity to amend effectively.  This Court agrees with and adopts the Screening Order and finds that the Magistrate Judge properly dismissed the Complaint with leave to amend for the reasons discussed in the Screening Order.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the Screening Order by the extended deadline to do so set by the June 20 Order and the failure to prosecute.  The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives.  The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal.  As noted above, Plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon.  He has done none of those things.  See Edwards, 356 F.3d at 1065.  The third factor, risk of prejudice to the Defendants, also weighs strongly in favor of dismissal.  See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to

defendants presumed from unreasonable delay) (citation omitted).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  As for the fifth factor, since Plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the Screening Order by the extended deadline to do so set by the June 20 Order, and has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible.  See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and his failure to comply with the Screening Order by the extended deadline to do so set by the June 20 Order.

IT IS SO ORDERED.

DATED: August 6, 2024

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

6